MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
HUGO ESCOBAR REYES, *individually and*
*on behalf of others similarly situated,*

**COMPLAINT**

*Plaintiff*,

-against-

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

THE GREY DOG, INC.  (D/B/A THE GREY
DOG'S COFFEE), DAVID ETHAN (A.K.A.
ETMAN), PETER STEIN and SAIKUBA
DOE,

**ECF Case**

*Defendants.*
-------------------------------------------------------X

Plaintiff Hugo Escobar Reyes ("Plaintiff Escobar" or "Mr. Escobar"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against The Grey Dog, Inc. (d/b/a The Grey Dog's Coffee), ("Defendant Corporation"), David Ethan (a.k.a Etman), Peter Stein and  Saikuba Doe, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

**NATURE OF ACTION**

1.     Plaintiff Escobar is a former employee of Defendants The Grey Dog, Inc. (d/b/a The Grey Dog's Coffee), David Ethan (a.k.a Etman), Peter Stein and Saikuba Doe.

2.      Defendants own, operate, or control a restaurant/coffee shop, located at 90 University Place, New York, NY 10003 under the name "The Grey Dog's Coffee".

3.      Upon information and belief, individual Defendants David Ethan (a.k.a Etman), Peter Stein and Saikuba Doe, serve or served as owners, managers, principals, or agents of Defendant

Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4.    Plaintiff Escobar was employed as a cook at the restaurant located at 90 University Place, New York, NY 10003.

5.    At all times relevant to this Complaint, Plaintiff Escobar worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for the hours that he worked.

6.    Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiff Escobar appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.    Defendants' conduct extended beyond Plaintiff Escobar to all other similarly situated employees.

8.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Escobar and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

9.    Plaintiff Escobar now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

10.    Plaintiff Escobar seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

11.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Escobar's state law claims under 28 U.S.C. § 1367(a).

12.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a restaurant/coffee shop located in this district. Further, Plaintiff Escobar was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

13.    Plaintiff Hugo Escobar Reyes ("Plaintiff Escobar" or "Mr. Escobar") is an adult individual residing in New York County, New York.

14.    Plaintiff Escobar was employed by Defendants at The Grey Dog Coffee from approximately June 2008 until on or about July 26, 2018.

15.    Plaintiff Escobar consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

### *Defendants*

16.    At all relevant times, Defendants owned, operated, or controlled a restaurant/coffee shop, located at 90 University Place, New York, NY 10003 under the name "The Grey Dog's Coffee".

17.    Upon information and belief, The Grey Dog, Inc. (d/b/a The Grey Dog's Coffee) is a domestic corporation organized and existing under the laws of the State of New York. Upon

information and belief, it maintains its principal place of business at 90 University Place, New York, NY 10003.

18.     Defendant David Ethan (a.k.a Etman) is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant David Ethan (a.k.a Etman) is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant David Ethan (a.k.a Etman) possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Escobar, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

19.     Defendant Peter Stein is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Peter Stein is sued individually in his capacity as a manager of Defendant Corporation. Defendant Peter Stein possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Escobar, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

20.     Defendant Saikuba Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Saikuba Doe is sued individually in his capacity as a manager of Defendant Corporation. Defendant Saikuba Doe possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Escobar, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

21.     Defendants operate a restaurant/coffee shop located in the West Village section of Manhattan in New York City.

22.     Individual Defendants David Ethan (a.k.a Etman), Peter Stein, and Saikuba Doe, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, or control significant functions of Defendant Corporation.

23.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

24.     Each Defendant possessed substantial control over Plaintiff Escobar's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Escobar, and all similarly situated individuals, referred to herein.

25.     Defendants jointly employed Plaintiff Escobar (and all similarly situated employees) and are Plaintiff Escobar's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

26.     In the alternative, Defendants constitute a single employer of Plaintiff Escobar and/or similarly situated individuals.

27.     Upon information and belief, Individual Defendant David Ethan (a.k.a Etman), operates Defendant Corporation as either an alter ego of himself and/or fails  to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporation for his own benefit as the sole or majority shareholder,

e) operating Defendant Corporation for his own benefit and maintaining control over this corporation as a closed Corporation,

f) intermingling assets and debts of his own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

28.   At all relevant times, Defendants were Plaintiff Escobar's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Escobar, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Escobar's services.

29.   In each year from 2012 to 2018, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

30.   In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

31.   Plaintiff Escobar is a former employee of Defendants who was employed as a cook.

32.    Plaintiff Escobar seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Hugo Escobar Reyes*

33.    Plaintiff Escobar was employed by Defendants from approximately June 2008 until on or about July 26, 2018.

34.    Defendants employed Plaintiff Escobar as a cook.

35.    Plaintiff Escobar regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

36.    Plaintiff Escobar's work duties required neither discretion nor independent judgment.

37.    Throughout his employment with Defendants, Plaintiff Escobar regularly worked in excess of 40 hours per week.

38.    From approximately August 2012 until on or about July 2016, Plaintiff Escobar worked from approximately 7:00 a.m. until on or about 4:30 p.m., 6 days a week (typically 57 hours per week).

39.    From approximately August 2016 until on or about December 2016, Plaintiff Escobar worked from approximately 7:00 a.m. until on or about 3:30 p.m., 6 days a week (typically 51 hours per week).

40.    From approximately January 2017 until on or about July 26, 2018, Plaintiff Escobar worked from approximately 7:00 a.m. until on or about 3:30 p.m., 5 days a week (typically 42.5 hours per week).

41.    Throughout his employment, Defendants paid Plaintiff Escobar his wages by check.

42.    From approximately August 2012 until on or about December 2016, Defendants paid Plaintiff Escobar $13.00 per hour (only for 40 hours).

43.    From approximately January 2017 until on or about July 26, 2018, Defendants paid Plaintiff Escobar a fixed salary of $850 per week (or a fixed salary of $170 per day); however,

during this period, defendants issued paychecks falsely showing that Plaintiff was being paid $16.00 for the first 40 hours and $24.00 per hour for 8 hours of overtime).

44.    Plaintiff Escobar's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

45.    For example, Defendants required Plaintiff Escobar to work an additional 20 to 30 minutes past his scheduled departure time every day, and did not pay him for the additional time he worked.

46.    Defendants never granted Plaintiff Escobar any breaks or meal periods of any kind.

47.    Although Plaintiff Escobar was required to keep track of his time, Defendants' time tracking system did not accurately reflect his actual hours worked.

48.    On a number of occasions, Defendants required Plaintiff Escobar to sign a document, the contents of which he was not allowed to review in detail.

49.    Defendants did not provide Plaintiff Escobar an accurate statement of wages, as required by NYLL 195(3).

50.    In fact, Defendants adjusted Plaintiff Escobar's paystubs so that they reflected inaccurate wages and hours worked.

51.    Defendants did not give any notice to Plaintiff Escobar, in English and in Spanish (Plaintiff Escobar's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

52.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Escobar (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate overtime compensation as required by federal and state laws.

53.     Plaintiff Escobar was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

54.     Defendants habitually required Plaintiff Escobar to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

55.      Defendants' time keeping system did not reflect the actual hours that Plaintiff Escobar worked.

56.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

57.     On a number of occasions, Defendants required Plaintiff Escobar to sign a document the contents of which he was not allowed to review in detail.

58.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Escobar (and similarly situated individuals) worked, and to avoid paying Plaintiff Escobar properly for his full hours worked.

59.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

60.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Escobar and other similarly situated former workers.

61.     Defendants failed to provide Plaintiff  Escobar and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the

minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

62.     Defendants failed to provide Plaintiff Escobar and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

63.     Plaintiff Escobar brings his FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

64.     At all relevant times, Plaintiff Escobar and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records as required under the FLSA.

65.     The claims of Plaintiff Escobar stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

66.     Plaintiff Escobar repeats and realleges all paragraphs above as though fully set forth herein.

67.     At all times relevant to this action, Defendants were Plaintiff Escobar's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Escobar (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

68.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

69.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

70.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Escobar (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

71.     Defendants' failure to pay Plaintiff Escobar (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

72.     Plaintiff Escobar (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

73.     Plaintiff Escobar repeats and realleges all paragraphs above as though fully set forth herein.

74.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Escobar overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

75.     Defendants' failure to pay Plaintiff Escobar overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

76.     Plaintiff Escobar was damaged in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**

**VIOLATION OF THE NOTICE AND RECORDKEEPING**

**REQUIREMENTS OF THE NEW YORK LABOR LAW**

77.     Plaintiff Escobar repeats and realleges all paragraphs above as though fully set forth herein.

78.     Defendants failed to provide Plaintiff Escobar with a written notice, in English and in Spanish (Plaintiff Escobar's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

79.     Defendants are liable to Plaintiff Escobar in the amount of $5,000, together with costs and attorneys' fees.

**FOURTH CAUSE OF ACTION**

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

80.      Plaintiff Escobar repeats and realleges all paragraphs above as though fully set forth herein.

81.      With each payment of wages, Defendants failed to provide Plaintiff Escobar with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

82.      Defendants are liable to Plaintiff Escobar in the amount of $5,000, together with costs and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Escobar respectfully requests that this Court enter judgment against Defendants by:

(a)      Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)      Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Escobar and the FLSA Class members;

(c)      Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Escobar's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d)      Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Escobar and the FLSA Class members;

(e)      Awarding Plaintiff Escobar and the FLSA Class members damages for the amount of unpaid overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)      Awarding Plaintiff Escobar and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)      Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Escobar;

(h)      Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Escobar's compensation, hours, wages and any deductions or credits taken against wages;

(i)      Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Escobar;

(j)      Awarding Plaintiff Escobar damages for the amount of unpaid overtime compensation, and for any improper deductions or credits taken against wages as applicable

(k)      Awarding Plaintiff Escobar damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(l)      Awarding Plaintiff Escobar liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation shown to be owed pursuant to NYLL

§ 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(m)      Awarding Plaintiff Escobar and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(n)      Awarding Plaintiff Escobar and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(o)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(p)      All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Escobar demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
       August 17, 2018

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:      /s/ Michael Faillace
         Michael Faillace [MF-8436]
         60 East 42nd Street, Suite 4510
         New York, New York 10165
         Telephone: (212) 317-1200
         Facsimile: (212) 317-1620
         *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

BY HAND

August 14, 2018

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Hugo Escobar

Legal Representative / Abogado:     Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                    14 de agosto 2018

*Certified as a minority-owned business in the State of New York*