**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

HUGO ESCOBAR REYES, *individually and on behalf of others similarly situated,*

                         **Plaintiff,**

     -against-

THE GREY DOG, INC. (D/B/A THE GREY DOG'S COFFEE), DAVID ETHAN (A.K.A. ETMAN), PETER STEIN and SAIKUBA DOE,

                         **Defendants,**

Case No.: 18-cv-7520 (SN)

## SETTLEMENT AGREEMENT AND RELEASE

    WHEREAS, Defendants The Grey Dog, Inc. (the "Restaurant"), David Ethan, and Peter Stein (collectively "Defendants") and Plaintiff Hugo Escobar Reyes, his heirs, executors, administrators, successors, and assigns (collectively, "Plaintiff") (Plaintiff and Defendants together, the "Parties"), agree to the material terms of this Settlement Agreement and Release ("Agreement") in an effort to resolve all wage and hour claims Plaintiff has or might have against Defendants, including claims asserted under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") in the pending action: *Reyes v. The Grey Dog, Inc., et al.*, No. 18-cv-7520 (SN) (the "lawsuit");

    WHEREAS, the Parties participated in a settlement conference on May 3, 2019 before the Honorable Sarah Netburn, during which the material terms of this Agreement were reached;

    WHEREAS, the Parties understand and agree that Defendants deny each and every allegation of wrongdoing set forth by Plaintiff in the lawsuit;

    WHEREAS, Plaintiff desires, with full advice of counsel, to freely and voluntarily enter into this Agreement in exchange for the promises contained herein which pertain to Defendants;

    WHEREAS, Defendants desire, with full advice of counsel, to freely and voluntarily enter into this Agreement in exchange for the promises contained herein which pertain to Plaintiff; and

    WHEREAS, the terms, conditions, and implications of this Agreement, including the Release incorporated herein, have been explained to Plaintiff and Defendants by their respective attorneys;

NOW, THEREFORE, IT IS STIPULATED AND AGREED BY AND AMONG THE PARTIES AS FOLLOWS:

1.    **Consideration**. In consideration for Plaintiff signing this Agreement and complying with its terms, Defendants agree to pay to Plaintiff the total sum of Twenty-Four Thousand Dollars ($24,000.00).  This sum will be paid as follows:

a.    A check made payable to "Hugo Escobar Reyes" in the amount of Seven Thousand Eight Hundred Forty-Six Dollars ($7,846.00), less legal deductions.  An IRS Form W-2 will be issued to Plaintiff with respect to this amount after the end of the calendar year in which this check is paid;

b.    A check made payable to "Hugo Escobar Reyes" in the amount of Seven Thousand Eight Hundred Forty-Six Dollars ($7,846.00) in full satisfaction of all claims Plaintiff may have for liquidated damages and/or statutory penalties.  An IRS Form 1099 will be issued to Plaintiff with respect to this amount after the end of the calendar year in which this check is paid;

c.    A check made payable to "Michael Faillace & Associates, P.C." in the amount of Eight Thousand Three Hundred Eight Dollars ($8,308.00).  An IRS Form 1099 will be issued to Michael Faillace & Associates, P.C. with respect to this amount after the end of the calendar year in which this check is paid. Moreover, an IRS Form 1099 will be issued to Plaintiff with respect to this amount after the end of the calendar year in which this check is paid. Michael Faillace & Associates, P.C. will provide Defendants with a copy of its IRS Form W-9.

d.    Payment of these sums will be made within thirty (30) days after the satisfaction of each of the following conditions: (i) Defendants receive a copy of this Agreement executed by Plaintiff; and (ii) the Court So Orders the Stipulation of Dismissal with Prejudice, which is appended hereto as Exhibit A.

e.    Plaintiff agrees and acknowledges that Defendants and their counsel have not made any representations to him regarding the tax consequences of any payments or amounts received by him pursuant to this Agreement. Plaintiff agrees to indemnify Defendants against the payment of any taxes, interest, penalties, and other liabilities or costs that may be assessed upon the settlement payments. However, if the IRS determines that any monies paid to Plaintiff should have been paid pursuant to a W-2, Defendants will pay its share of any FICA payment that would have been due and owing.

2.    **No Consideration Absent Execution of this Agreement**.  Plaintiff understands and agrees that he would not receive the monies specified in paragraph "1" above, except for Plaintiff's execution of this Agreement and the fulfillment of the promises contained herein.

2

3.      <u>Release of Wage and Hour Claims</u>.  Plaintiff knowingly and voluntarily releases and forever discharges, to the full extent permitted by law, Defendants, as well as Defendants' current and former owners, stockholders, predecessors, successors, assigns, directors, officers, employees, former attorneys, insurers, reinsurers, parents and subsidiaries, ("Releasees"), from any and all wage and hour claims, including, but not limited to, claims under the FLSA and NYLL, that Plaintiff has or may have against Releasees as of the date of Plaintiff's execution of this Agreement, whether known or unknown, asserted or unasserted, including for attorneys' fees and costs in connection with any asserted or unasserted wage and hour claim.

4.      <u>Governing Law and Interpretation</u>.  This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict of laws provision.  In the event of a breach of any provision of this Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach.  If any provision of this Agreement is declared illegal or unenforceable by any court, excluding the general release language, that provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

5.      <u>Nonadmission of Wrongdoing</u>.  The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Defendants of wrongdoing or evidence of any liability or unlawful conduct of any kind.

6.      <u>Amendment</u>.  This Agreement may not be modified, altered or changed except in writing and signed by both parties wherein specific reference is made to this Agreement.

7.      <u>Entire Agreement</u>.  This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Plaintiff acknowledges that he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to accept this Agreement, except for those set forth in this Agreement.

8.      <u>Counterparts</u>.  This Agreement may be executed in any number of counterparts, each of which so executed shall be deemed an original, and such counterparts will together constitute but one Agreement.

9.      <u>Facsimile and Electronic Signatures</u>.  Any Party may execute this Agreement by signing or electronically signing on the designated signature block below and transmitting or causing to be transmitted that signature page via facsimile or email to counsel for the other Party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Party whose counsel transmits the signature page by facsimile or email.

**PLAINTIFF IS ADVISED THAT HE HAS A REASONABLE AMOUNT OF TIME TO REVIEW AND CONSIDER THIS AGREEMENT.**

**PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND REVIEW BY HIS ATTORNEY, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL FLSA CLAIMS PURSUANT TO PARAGRAPH 3 THAT PLAINTIFF HAS OR MIGHT HAVE AGAINST RELEASEES.**

Plaintiff certifies as follows: I have read this agreement or it has been translated for me and I understand completely its contents. *He leido este acuerdo o ha sido traducido para mí y entiendo completamente su contenido*

The Parties knowingly and voluntarily sign this Agreement and Release as of the date(s) set forth below:

HUGO ESCOBAR REYES

By: _____
Hugo Escobar Reyes

Date: 07 – 09 - 2019

THE GREY DOG, INC.

By: _____

Date: 7/11/19

DAVID ETHAN

By: _____
David Ethan

Date: 7/11/19

PETER STEIN

By: _____
Peter Stein

Date: 7/11/19

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HUGO ESCOBAR REYES, *individually and on behalf of others similarly situated,*

                Plaintiff,

-against-

THE GREY DOG, INC. (D/B/A THE GREY DOG'S COFFEE), DAVID ETHAN (A.K.A. ETMAN), PETER STEIN and SAIKUBA DOE,

                Defendants,

Case No.: 18-cv-7520 (SN)

## STIPULATION AND ORDER OF FINAL DISMISSAL WITH PREJUDICE

This Court, having considered and inspected the Settlement Agreement and Release between the Parties in the above-captioned action, IT IS HEREBY ORDERED that: (1) the settlement is approved; and (2) the above-captioned action is hereby dismissed with prejudice in its entirety against Defendants with no award of attorneys' fees or costs to any party.

By: _____
Joshua S. Androphy, Esq.

MICHAEL FAILLACE & ASSOCIATES, P.C.
One Grand Central Place
60 East 42nd Street, Suite 4510
New York, New York 10165
*Attorneys for Plaintiff*

Dated: June 6, 2019

By: _____
Adam S. Gross, Esq.

JACKSON LEWIS P.C.
666 Third Avenue, 29th Floor
New York, New York 10017
*Attorneys for Defendants*

Dated: June 10, 2019

SO ORDERED on this _____ day of _____, 2019.

_____
Hon. Sarah Netburn
United States Magistrate Judge